AO 91 (Rev. 11/11) Criminal Complaint (approved by AUSA Salvatore L. Astolfi)   19-089

# UNITED STATES DISTRICT COURT
for the

Eastern District of Pennsylvania

| United States of America | ) |
|---|---|
| v. | ) |
| AYENDE ALVARADO | ) Case No. 19-1296-M |
|  | ) |
|  | ) |
|  | ) |
|  | ) |
| *Defendant(s)* | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _July 26, 2019_ in the county of _Philadelphia_ in the _Eastern_ District of _Pennsylvania_, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 18, United States Code, Section 922(g)(1) | Possession of a firearm by a felon |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT (incorporated herein)

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Christopher Chase, SA HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: July 27, 2019

_____
*Judge's signature*

City and state: Philadelphia, Pennsylvania

Honorable Carol Sandra Moore Wells
*Printed name and title*

## AFFIDAVIT FOR ARREST WARRANT

I, Christopher Chase, being duly sworn, do hereby depose and say that:

1. I am a Special Agent with the Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations and have been so employed for 12 years. Prior to my current employment, I was employed as an Officer with the United States Customs and Border Protection for 4 years. This affidavit is being submitted in support of arrest warrant for Ayende ALVARADO for his possession of a firearm on July 26, 2019, after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Section 922(g)(1). I have not included every fact known to me concerning this investigation, rather I have submitted only those facts and circumstances that I believe establish probable cause to support the issuance of an arrest warrant for Ayende ALVARADO. The following information was compiled by your affiant from a variety of sources to include my own personal knowledge and observations as well as the knowledge and observations of other law enforcement officers and agents with whom I am working on this investigation.

2. On or about July 26, 2019, I along with other Homeland Security Investigation (HSI) Agents, Philadelphia Police detectives and members of the Philadelphia Police Department S.W.A.T Unit, executed a federal search and seizure warrant issued by United States Magistrate Carol Sandra Moore Wells in the Eastern District of Pennsylvania (19-1272-M) on July 25, 2019, at the residence of Ayende ALVARADO, located at 3735 N. 7th Street, Philadelphia, Pennsylvania 19140.

3. During the execution of the search and seizure warrant Philadelphia Police Department S.W.A.T. officers encountered Ayende ALVARADO in the bathroom area of the second floor of the residence.

4. Officers observed ALVARADO throw what later was determined to be a firearm into a trashcan in the bathroom of his residence.

5. Once the residence was secure by S.W.A.T. officers, Detective Mancuso with Philadelphia Major Crimes Unit recovered a Ruger .44 Magnum revolver loaded with six live rounds of ammunition from the trash can located in the bathroom where ALVARADO was observed throwing it.

6. ALVARADO is a convicted felon thus he is prohibited from possessing a firearm. ALVARADO's history of felony arrests and convictions includes the following:

   a. On March 3, 2000, Ayende ALVARADO was arrested by the Philadelphia Police Department and charged with robbery, aggravated assault, carrying a firearm without a license, carrying a firearm public street or place, theft by unlawful taking, theft by receiving stolen property, possessing instruments of a crime, and simple assault. On February 7, 2001, he was found guilty of robbery, carrying a firearm without a license and possessing an instrument of crime, and sentenced to five - ten years' imprisonment.

   b. On December 17, 2017, Ayende ALVARADO was arrested by the Philadelphia Police Department and charged with burglary, possessing instrument of a crime, theft by unlawful taking, and receiving stolen property. On June 13, 2018, he plead guilty to burglary and possessing an instrument of crime, and was sentenced, three-years' probation.

7. In addition to the loaded Ruger .44 Magnum revolver discussed in paragraph 5 above, the search of the residence revealed a total of nine fully assembled firearms, including an Intratec 9mm AB-10 pistol with an obliterated serial number, and a Sig Sauer P229 .357 pistol, also with an obliterated serial number. The search also revealed several disassembled firearms, numerous 30 round magazines and several dozen rounds of ammunition of various calibers.

8. During the execution of the search warrant I along with Detective Michael Dixon interviewed ALVARADO. During this interview ALVARADO stated that the firearms that were in the house belonged to him. He also admitted that he was aware that as a felon he was prohibited from possessing firearms.

9. During the interview, ALVARADO told SA Chase and Detective Dixon that he heard the dogs barking in the back of the home then saw S.W.A.T. officers. ALVARADO stated that after he observed the officers he attempted to hide his firearms in the bathroom.

10. ALVARADO was taken into custody and transported to the United States Customs House for processing. ALVARADO was advised of his *Miranda* right and signed a waiver form waiving his rights and agreeing to be interviewed further by agents.

11. After ALVARADO waived his rights, I asked ALVARADO about the firearms with obliterated serial numbers. ALVARADO stated that he never obliterated any of the serial numbers and stated further that the serial numbers were already removed when he obtained the firearms. During this interview, ALVARADO also reconfirmed that all the firearms in the house were his but stated that two of them were originally purchased by his mother. He explained that he got the other firearms "on the street."

12. I have spoken with a Special Agent from the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) who specializes in interstate nexus analysis. I was informed that Ruger does not manufacture any firearms in the Commonwealth of Pennsylvania, therefore the Ruger .44 Magnum revolver discussed in paragraph 5 above was manufactured outside of Pennsylvania. Therefore by virtue of its presence in Pennsylvania at the time of its seizure, the firearm traveled through the channels of interstate commerce sometime prior to its seizure.

13. Based on the above facts, your affiant avers that there is probable cause to believe that defendant Ayende ALVARADO has violated Title 18 United States Code, Section 922(g)(1) (felon in possession of a firearm).

Christopher Chase, Special Agent
Homeland Security Investigations

Sworn to and subscribed
before me this 27th day
of July, 2019

HONORABLE CAROL SANDRA MOORE WELLS
United States Magistrate Judge